### WHITNEY *v.* ORR.

*(Supreme Court, General Term, First Department.* March 31, 1892.)

HUSBAND AND WIFE—CONTRACTS—LIABILITY OF WIFE—EVIDENCE.

In an action against a wife on a contract made by her husband in her name, there was no evidence to show that she had anything to do with the subject-matter of the contract, which was the printing of the magazine, or had even authorized her husband to make such contract, or that she had ever signed a note in consideration thereof, or that a person ratifying such contract was, in fact, defendant. *Held,* that the court erred in directing a verdict for plaintiff.

Appeal from circuit court, New York county.

Action by Frederick E. Whitney against Imogene F. Orr, on a contract made by defendant's husband in her name. Plaintiff offered evidence to show that the contract and a note made in consideration thereof were ratified by a person purporting to be defendant, whom he found at the husband's place of business during his absence. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and O'BRIEN and INGRAHAM, JJ.

*George Carlton Comstock,* for appellant. *Campbell & Murphy, (Arthur Murphy,* of counsel,) for respondent.

PER CURIAM. There is no evidence in this case showing that the defendant had anything to do with the World Traveler Gazette, or that she was carrying on any business, or had ever authorized her husband, Charles H. Orr, to act for her, or make any contract for her. It does not appear that the contract for the work, to recover for which this action was brought, was made in her name, and there is no evidence to justify the finding that the defendant ever signed the note given for the work done by the plaintiff's assignor for printing a prior number of the Gazette, or that the person with whom the plaintiff had the interview at the office, No. 120 Broadway, in relation to the note given for the work done on the prior number, was the defendant in this action. The plaintiff failed, in any way, to connect the defendant with the business carried on at 120 Broadway, or with the publishing of the periodical, or with the work in question. We think, therefore, that the evidence was insufficient to justify the court in directing a verdict for the plaintiff. The judgment must be reversed, and a new trial ordered, with costs to the appellant, to abide the event. All concur.